UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID W. NAIL, | )<br>) |
| Plaintiff, | ) Case No. 1:12-cv-403<br>) |
| v. | ) Honorable Paul L. Maloney<br>) |
| STATE OF MICHIGAN, et al., | )<br>) **REPORT AND RECOMMENDATION** |
| Defendants. | )<br>) |

This is a civil action brought by a *pro se* plaintiff against the State of Michigan, the State of Indiana, and an entity identified only as Offendex.com. Plaintiff's complaint arises from his 1988 conviction in Michigan for parental kidnaping, his 2005 conviction in Indiana for felony stalking and for making threatening phone calls to a federal agent, and the decision of the State of Indiana to place plaintiff on its criminal sexual offender registry on account of the Michigan conviction for parental kidnaping. Plaintiff charges defendants with violation of his right to due process of law under the Fifth and Fourteenth Amendments to the Constitution. Although plaintiff does not identify a basis for this court's jurisdiction, I assume that he is proceeding under 42 U.S.C. § 1983. Plaintiff seeks extensive relief, including orders expunging his criminal convictions, a declaration that the Michigan parental kidnaping statute is unconstitutional, and an award of $1 million damages for every year that his name has been on the sex-offender registry.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the

court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Wee Care Child Ctr., Inc. v. Lumpkin*, No. 10-4160, ___ F.3d ___, 2012 WL 1448317, at * 3 (6th Cir. Apr. 27, 2012). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

**Discussion**

1.  **Eleventh Amendment Immunity**

    Plaintiff's claims against the State of Michigan and the State of Indiana are barred by Eleventh Amendment immunity.[1] Reference to the State's immunity from suit as Eleventh

---

[1] Because it implicates important questions of federal court jurisdiction and federal-state comity, it is appropriate for the court to raise the issue of Eleventh Amendment *sua sponte*. *See*

Amendment immunity is a "convenient shorthand" for "the sovereign immunity of the States [that] neither derives from, nor is limited by, the terms of the Eleventh Amendment" but is "a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the convention or certain constitutional Amendments." *Alden v. Maine*, 527 U.S. 706, 712–13 (1999). "Immunity from private suits has long been considered central to sovereign dignity." *Sossaman v. Texas*, 131 S. Ct. 1651, 1657 (2011). Although a State may "choose to waive its immunity in federal court at its pleasure," "[w]aiver may not be implied." 131 S. Ct. at 1658. A clear indication of the State's intent to waive its immunity is required. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 620 (2002). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). There is no "clear indication" that Michigan intended to waive its immunity on plaintiff's claims asserted in this case. Likewise, the State of Indiana has provided in its constitution that a waiver of sovereign immunity can only be accomplished by passage of a law to that effect by the state legislature. IND. CONST. art IV, § 24. In the absence of such specific legislation, the federal courts uphold the state's immunity from suit. *See Ford Motor Co. v. Dep't of Treasury of Ind.*, 323 U.S. 459, 469 (1945).

Under these authorities, all claims against the State of Michigan and the State of Indiana are barred. As both Michigan and Indiana are clearly immune from suit in this case, dismissal of all claims against them under 28 U.S.C. § 1915(e)(2) is appropriate.

---

*S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008); *see also Wisconsin Dep't of Corr. v. Schact*, 524 U.S. 381, 389 (1998); *Edelman v. Jordan*, 415 U.S. 651, 678 (1974); *Cady v. Arenac County*, 574 F.3d 334, 342 (6th Cir. 2009); *Nair v. Oakland County Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006).

2. *Heck v. Humphrey*

Even if the court somehow had jurisdiction over the States of Michigan and Indiana, plaintiff would not be entitled in this civil rights action to an order expunging his convictions. Habeas corpus is the exclusive federal remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). The Supreme Court has held that a civil rights claim that necessarily implies the invalidity of plaintiff's criminal conviction is not cognizable under § 1983 until plaintiff's conviction has been overturned. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997).

Plaintiff argues, in convoluted fashion, that he is not really asking for relief from his convictions, but is merely challenging the procedures by which his convictions were obtained. (Compl. ¶ 2). Plaintiff makes a distinction without a difference. Under *Heck*, any civil action, regardless of the relief sought, is barred if it necessarily implies the invalidity of a criminal conviction. 512 U.S. at 486-87. Plaintiff's complaint not only "necessarily implies" that his state convictions are invalid, but he also expressly seeks to set those convictions aside. This court clearly has no authority to entertain such a collateral attack on presumptively valid state criminal convictions except in a proper habeas corpus proceeding.

3.  **Removal of Plaintiff's Name From Registry**

One of plaintiff's principal requests for relief is that his name be removed from the Indiana State Sex Offender Registry. As noted in part 1 above, the State of Indiana is immune from suit in the federal courts from civil actions seeking this or any other relief. Plaintiff is frank to admit that his parole officer advised him to seek relief in the Indiana state courts to have his name removed from the registry. Plaintiff decided "that it was a huge waste of time to go to an Indiana court" for this purpose, because he assumed that the court would grant him no relief. (Compl. ¶ 5). Plaintiff's unwarranted supposition about the receptiveness of the Indiana courts to his claims is no excuse for attempting to sue the State of Indiana in a Michigan federal court, which clearly lacks authority to grant any relief against the state.

Plaintiff seeks similar relief against the defendant identified as Offendex.com. Offendex.com apparently is a website that compiles information from the various state sex offender registries. Plaintiff provides the court with no information about this defendant and no basis for the exercise of jurisdiction over it. Plaintiff does not allege that Offendex.com is a state officer or otherwise acts under color of state law for purposes of 42 U.S.C. § 1983. Furthermore, he does not allege any basis for concluding that diversity of citizenship exists between him and Offendex.com, nor does he establish any ground for the exercise of personal jurisdiction over that defendant.

**Recommended Disposition**

This federal lawsuit is a misguided attempt to seek relief from presumptively valid state criminal convictions and the consequences thereof. Both the State of Michigan and the State of Indiana enjoy sovereign immunity from suit in this court. Furthermore, a civil action attempting

to assert a collateral attack against state-court convictions cannot be maintained under the doctrine of *Heck v. Humphrey*, regardless of the identity of the named defendant. Finally, plaintiff has not alleged any basis for either subject-matter or personal jurisdiction against the person or entity responsible for the website Offendex.com. I therefore recommend that the complaint be dismissed on grounds of sovereign immunity and for failure to state a claim upon which relief can be granted against any defendant. I further recommend that the court deny leave to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(3), as plaintiff's claims are indisputably meritless.

Dated: May 9, 2012            /s/ Joseph G. Scoville
                              United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).