UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID NAIL, )
       Plaintiff, )
) No. 1:12-cv-403
-v- )
) HONORABLE PAUL L. MALONEY
STATE OF MICHIGAN, et al., )
       Defendants. )
_____)

### ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Plaintiff David Nail, proceeding pro se and in forma pauperis, filed suit against the State of Michigan, the State of Indiana, and a third party identified as "Offendex.com." The magistrate judge reviewed the complaint under 28 U.S.C. § 1915(e)(2). The magistrate judge issued a report recommending the complaint be dismissed. Specifically, the magistrate judge concluded that Michigan and Indiana enjoy sovereign immunity, the claim in the complaint fails to state a claim because it functions, under *Heck v. Humphrey*, 512 U.S. 477 (1994), as a collateral attack on a valid conviction, and because Plaintiff has not alleged a basis for either subject-matter or personal jurisdiction over Offendex.com. Plaintiff filed objections. (ECF No. 5.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must

specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

The Court has reviewed the complaint, the R&R, and the objections.  Plaintiff's objections do not undermine the sound reasoning and legal conclusions in the R&R.

Plaintiff's Objection 1.  Jurisdiction.  The magistrate judge correctly identified 42 U.S.C. § 1983 as the basis for jurisdiction.  The court rule referred to by Plaintiff, Fed. R. Civ. P. 5.1 does not confer subject matter jurisdiction.  *See* Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts.").  Neither can Plaintiff rely on 28 U.S.C. 2254 for jurisdiction, as that statute applies only to "a person in custody."  28 U.S.C. § 2254(a) and (b).  Plaintiff's other arguments under this objection all refer to statutes that dictate procedures or remedies once jurisdiction has been established.

Plaintiff's Objection 2.  Eleventh Amendment Immunity.  The magistrate judge correctly explained why the State of Michigan and the State of Indiana are immune from this suit.  Plaintiff argues that state officials can still be sued for money damages and injunctive relief.  Plaintiff has not named, as a defendant, any state official.  Referencing the States Attorneys General in the civil cover sheet is not sufficient to name those individuals as a party defendant to the complaint.

Plaintiff's Objection 3.  Indiana.  The magistrate judge concluded that the State of Indiana was immune from this suit under the Eleventh Amendment and further discounted Plaintiff's excuse for not filing suit in Indiana, that Indiana would not be receptive to the lawsuit.  Plaintiff argues this

Court can grant injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908). *Ex parte Young*, however, requires Plaintiff to sue a state official to prevent them from enforcing an unconstitutional state law, which he has not done. *See Green v. Mansour*, 474 U.S. 64, 69 (1985). In addition, under *Ex parte Young,* a court may only grant prospective relief; the relief Plaintiff seeks in the complaint addresses only past acts. *See Gean v. Hattaway*, 330 F.3d 758, 776 (6th Cir. 2003).

Plaintiff's Objection 4. Offendex.com. The magistrate judge noted that Plaintiff did not provide the Court with any information about this defendant or how Offendex.com might be a state actor, so that it would be subject to suit under § 1983. Plaintiff argues he needs a court order to get Offendex.com to divulge the necessary information. Plaintiff failed to address the latter conclusion, that he has not identified Offendex.com as a state actor, and therefore Offendex.com is not subject to suit under § 1983.

Because this Court will dismiss the complaint, a determination must be made whether any appeal could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). The magistrate judge recommended that this Court deny leave to appeal under this statute, and Plaintiff did not specifically object to that recommendation. This Court's independent review of the objections confirms, under an objective standard, that any appeal would be patently frivolous.

For these reasons, the Court **APPROVES** the R&R over objections and **ADOPTS** the R&R as its opinion. The complaint is **DISMISSED.  IT IS SO ORDERED.**


Date:   June 6, 2012                                                        /s/ Paul L. Maloney
                                                                                      Paul L. Maloney
                                                                                      Chief United States District Judge